IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

STEVE DENMON,

          Plaintiff

VS.

BARBARA DALYRMPLE, *et al.*,

          Defendants

NO. 5:07-CV-304 (HL)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

## ORDER AND RECOMMENDATION

On August 6, 2007, plaintiff STEVE DENMON filed the above-styled complaint, along with a Motion for Preliminary Injuction. Tabs #1 and #4. On August 28, 2007, the undersigned issued an order requiring that the defendants provide the court with a Special Report in connection with the allegations contained in plaintiff Denmon's complaint and motion. Tab #6. The August 28th order indicated that the undersigned would treat the Special Report as a Motion for Summary Judgment if the defendants wished it to be so considered. On October 2, 2007, the defendants filed their Special Report requesting that it be treated as a motion seeking summary judgment. Tab #8.

The parties have filed responses to each others' motions, and plaintiff Denmon has filed a reply to the defendants' response to his Motion for Preliminary Injunction.

Based on the information contained in the plaintiff's complaint and motions and the defendants' Special Report, the undersigned believes that further factual development is needed in order to properly evaluate the treatment plaintiff Denmon has received for his hepatitis C condition. Accordingly, IT IS RECOMMENDED that the defendants' Motion for Summary Judgment (Tab #8) be **DENIED** *without prejudice* to re-file at the conclusion of discovery.

The undersigned is not convinced, however, that the plaintiff's medical needs are so urgent that preliminary injunctive relief is necessary at this time. *See* **Cunningham v. Adams**, 808 F.2d 815, 821 (11th Cir. 1987). Accordingly, IT IS RECOMMENDED that the plaintiff's Motion for Preliminary Injunction (Tab #4) be **DENIED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

Additionally, plaintiff Denmon has filed a Motion to Appoint Counsel. Tab #15. As the plaintiff acknowledges in his motion, generally speaking, no right to counsel exists in §1983 actions. **Wahl v. McIver**, 773 F.2d 1169, 1174 (11th Cir. 1985). It is a privilege that is justified only by exceptional circumstances. **Lopez v. Reyes**, 692 F.2d 15, 17 (5th Cir. 1982); **Branch v. Cole**, 686 F.2d 264, 266 (5th Cir.1982); **Ulmer v. Chancellor**, 691 F.2d 209 (5th Cir. 1982).

In deciding whether legal counsel should be provided, the court typically considers, among other factors, the merits of the plaintiff's claim and the complexity of the issues presented. *See* **Holt v. Ford**, 862 F.2d 850, 853 (11th Cir. 1989). Applying the standards set forth in **Ulmer**, *supra*, it appears that at the present time, the essential facts and legal doctrines in this case are ascertainable by the plaintiff without the assistance of court-appointed legal counsel and that the existence of exceptional circumstances has not been shown by the plaintiff. The court <u>on its own motion</u> will consider assisting plaintiff in securing legal counsel <u>if and when</u> it becomes apparent that legal assistance is required in order to avoid prejudice to his rights.

Accordingly, plaintiff's Motion for Appointment of Legal Counsel (Tab #15) is **DENIED** at this time.

Finally, the plaintiff has requested that the court hold an emergency hearing. Tab #9. That motion is **DENIED** at this time, but the court will, on its own motion, convene a hearing if and when it appears necessary to do so.

In light of this Recommendation, the defendants are ORDERED WITHIN TWENTY (20) DAYS to file an ANSWER to the complaint. Terms of discovery, time in which to file dispositive motions, and other instructions for the parties will be set forth in a separate order filed on this date.

SO ORDERED and RECOMMENDED this 12th day of DECMEBER, 2007.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE