# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

STEVEN DENMON, :
:
    Plaintiff, :
:
v. : Civil Action No. 5:07-cv-304(HL)
:
DR. BARBARA DALRYMPLE, :
et al., :
:
    Defendants. :
_____

## ORDER

This matter is before the Court on the Order and Recommendation entered December 12, 2007 [Doc. 16]. Plaintiff, Steven Denmon has filed Objections to the Recommendation, as permitted by 28 U.S.C. § 636(b)(1)(C). The Court, having given de novo consideration to those portions of the Recommendation to which objection is made, accepts the Recommendation, as more fully set forth below.

Steven Denmon is an inmate at Bostic State Prison in Hardwick, Georgia. On August 8, 2007, Denmon filed a complaint against various Bostic State Prison and Department of Correction officials pursuant to 42 U.S.C. § 1983. Denmon alleges that since 2004 he has been diagnosed with Hepatitis C, and that Defendants are aware of his condition but have refused to provide him with the proper medical treatment. He further alleges that he has suffered other serious medical conditions, which have been ignored by Defendants. He seeks damages for the injuries allegedly sustained by him,

as well as injunctive relief, in order that he might receive the medical care that he needs. Contained within the complaint is a request for appointment of counsel. Denmon later filed a separate Motion for Appointment of Counsel (Doc. 15). Contemporaneous with the filing of the complaint, Denmon also filed an Emergency Motion for Issuance of a Preliminary Injunction and Temporary Restraining Order (Doc. 4), pursuant to which Denmon seeks immediate medical treatment for his medical conditions caused by Hepatitis C.

Upon the filing of the complaint, the Magistrate Judge directed Defendants to file a special report in response to Denmon's allegations. Defendants filed their special report in the form of a Motion for Summary Judgment. They argued that Hepatitis C progresses slowly and that limited treatments are available for the disease and that the available treatments are not successful in all patients. They further argued that their decision not to treat Denmon was appropriate under the current guidelines and consistent with the medical community's understanding of how to best manage the disease. Denmon opposes the Motion for Summary Judgment and, in addition, filed a Motion seeking an immediate hearing on his Emergency Motion for Issuance of a Preliminary Injunction (Doc. 9).

In the Order and Recommendation, the Magistrate Judge (1) denied Defendants' Motion for Summary Judgment; (2) denied Denmon's Emergency Motion for Issuance of a Preliminary Injunction; (3) denied Denmon's Motion for Appointment of Counsel; and (4) denied Denmon's Motion for an Emergency Hearing. Defendants have not filed

objections to the denial of their Motion for Summary Judgment and, therefore, the Court accepts the Magistrate Judge's Recommendation insofar as it denies Defendants' Motion for Summary Judgment.

Denmon has filed objections as to the denial of each of his Motions. Insofar as Denmon's objections pertain to the Magistrate Judge's denial of his request for an emergency hearing and appointment of counsel, the Court reviews those decisions under a clear error standard. *See* Federal Rule of Civil Procedure 72(a) (setting the standard for review of pretrial matters that are not dispositive of a party's claim, and directing district judges to modify or set aside any part of such an order that is clearly erroneous or contrary to law). As to these matters, the Court can discern no error and, therefore, the Court declines to modify or set aside the Magistrate Judge's order as to them. The Court notes that the Magistrate Judge's order does not foreclose entirely on the possibility of a hearing or the appointment of counsel, but merely notes that neither is warranted at this time.

With respect to Denmon's objection to the denial of his Emergency Motion for Issuance of Preliminary Injunction, the Court has reviewed Denmon's 28-page objection but finds that, for the most part, it merely recites facts and arguments already in the record. Denmon takes exception to the Magistrate Judge's statement that he "is not convinced . . . that the plaintiff's medical needs are so urgent that preliminary injunctive relief is necessary at this time." (Order at 2.) However, as the record shows, one of the disputed issues related to Hepatitis C is the rate at which it develops and the need

3

(or lack thereof) for immediate medical care. While the Court appreciates Denmon's frustration with the fact that he is not receiving care for his Hepatitis C, a serious medical condition, it is not clear what, if any treatment, is required for a patient at his stage of the disease. Thus, he has not demonstrated, to the level needed to obtain injunctive relief, that he will suffer irreparable injury if he does not immediately begin a particular treatment for Hepatitis C. Therefore, the Court accepts the Magistrate Judge's Recommendation to deny Denmon's Emergency Motion for Issuance of a Preliminary Injunction and Temporary Restraining Order (Doc. 4).

In summary, the Court finds no clear error in the decision of the Magistrate Judge to deny Denmon's Motions for Appointment of Counsel (Doc. 15) and for Emergeny Hearing (Doc. 9) and the Magistrate Judge's Order stands as to those Motions. The Court accepts the Magistrate Judge's Recommendation insofar as it denies Defendants' Motion for Summary Judgment (Doc. 8) and denies Plaintiff's Emergency Motion for Issuance of a Preliminary Injunction and Temporary Restraining Order (Doc. 4).

**SO ORDERED**, this the 31st day of March, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, JUDGE**

mls