IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

STEVEN DENMON,

              Plaintiff

VS.

BARBARA DALYRMPLE, *et al.*,

              Defendants

NO. 5:07-CV-304 (HL)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

## RECOMMENDATION

Before the court is the defendants' MOTION FOR SUMMARY JUDGMENT. Tab #32. This motion is supported by a Statement of Material Facts as to Which No Genuine Issue Exists, a brief, affidavits, and numerous exhibits. Plaintiff STEVEN DENMON has filed a response to the defendants' motion (Tab #41) to which the defendants have filed a reply (Tab #44).

### LEGAL STANDARDS

A. SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure dealing with motions for summary judgment provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, 9 F.3d 913 (11th Cir. 1993). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

---

[1]*See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the non movant).

B. MEDICAL TREATMENT OF PRISONERS

In *Estelle v. Gamble*, the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251, rehearing denied 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1976). However, the course of treatment is "a classic example of a matter for medical judgment." *Estelle, supra*, at 107, 97 S.Ct. at 293.

At most, a mere allegation of improper or untimely treatment, without more, states a claim of medical malpractice cognizable under state law. *Id. See also Howell v. Evans*, 922 F.2d 712, 719 (11th Cir. 1991).[2] Moreover, *Estelle* specifically states that the question of whether additional diagnostic techniques or forms of treatment are indicated are classic examples of matters for medical judgment and that medical malpractice does not become a constitutional violation merely because the patient is a prisoner. *Estelle, supra*, at 292-93.

## DISCUSSION

In his COMPLAINT, the plaintiff DENMON contends that the defendants violated his constitutional rights through deliberate indifference to his serious medical needs. This deliberate indifference allegedly occurred when the defendants chose not to provide plaintiff DENMON with certain treatments which he believed would be most effective for his Hepatitis C (HCV) and other extra hepatic conditions. Specifically, plaintiff DENMON contends that the defendants violated his constitutional rights when they chose not to provide him with (a) interferon treatment, (b) a liver biopsy, and (c) a certain procedure called "EDG with banding."[3]

---

[2] Vacated pursuant to settlement, 931 F.2d 711 (11th Cir. 1991), reinstated by unpublished order (June 24, 1991), cited in *Howell v. Burden*, 12 F.3d 190, 191 n.* (11th Cir. 1994).

[3] Plaintiff does not define what "EDG with banding" is. One definition states that Esophagogastroduodenoscopy (EGD) is a procedure during which a small flexible endoscope is introduced through the mouth (or with smaller caliber endoscopes, through the nose) and advanced through the pharynx, esophagus, stomach, and duodenum. An enteroscope, a longer endoscope, can be introduced beyond the ligament of Treitz into the jejunum. EGD is used for both diagnostic procedures and therapeutic procedures. http://www.emedicine.com/med/TOPIC2965.HTM

In response to these allegations, the defendants have filed the instant MOTION FOR SUMMARY JUDGMENT. In support thereof, they have submitted a number of materials including medical records, statements and affidavits from physicians who treated plaintiff DENMON, copies of various GDOC Medical SOPs, and numerous other exhibits. A review of this evidence demonstrates (1) that the plaintiff was not medically eligible for interferon therapy or a liver biopsy due to a decreased blood platelet count; and, (2) that despite being medically ineligible for interferon therapy and/or a liver biopsy, plaintiff was not refused medical care; rather, plaintiff's medical conditions, including his HCV, were regularly evaluated and appropriately treated in accordance with current medical treatment protocols.

In his RESPONSE to the defendants' motion, the plaintiff has submitted a number of exhibits including lab reports, hospital admission and discharge records which were generated after his release from prison, and health care request forms which he had apparently completed while still in prison. Despite plaintiff's contentions to the contrary, these documents appear to confirm that plaintiff suffered from an abnormally low blood platelet count and was thus ineligible for interferon and a liver biopsy. With regard to the EDG with banding procedure, it appears that plaintiff DENMON underwent an EDG in a hospital after he was released prison and that the findings therefrom were unremarkable except that an additional EDG *with banding* procedure could be done electively at some future date. In short, plaintiffs' allegations of deliberate indifference are simply not sufficiently supported to withstand the defendants' motion seeking summary judgment.

Accordingly, IT IS RECOMMENDED that the defendants' MOTION FOR SUMMARY JUDGMENT be GRANTED.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned, WITHIN TEN (10) DAYS after being served with a copy thereof.

SO RECOMMENDED, this 19th day of FEBRUARY, 2009.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE